Curia, per Harper, Chancellor.
I do not well perceive what definition can be given to the words “taxable property,” unless it be made to mean all property not exempted by law from taxation. The word, taxable, must be supposed to have been used for some purpose. But it answers no purpose, if it be applied, as suggested in argument, to such property as, is in its nature, incapable of being taxed — such as a public bridge, where there is no one to pay the tax. No law was needed for this purpose. It is admitted, on all hands, that the Legislature may alter, modify, or abrogate the charter, of a public, or civil corporation, instituted for purposes of government, at its pleasure. If, therefore, the Legislature should enact a law, *145 that the City Council should not tax any specified sort of property, there can be no doubt that it would be bound by such enactment.
If the enactment of the Act of 1815, had been in this form — “whereas, religion ought to be encouraged, and respect paid to property dedicated to the service of Almighty God; be it therefore enacted, that the property of religious societies, <S:c., shall be exempted from taxation:” though the Legislature might have repealed this act at pleasure, and subjected the property to taxation, yet while it continued of force, could the City council have taxed such property ? So, if it had said, “for the encouragement of the useful arts, steam mills and engines shall be exempted from taxation;” the terms of the act would only import that they should be exempted from its own taxation — for State taxation is the exclusive subject of the act: yet, if we should say that the City Council could tax in such case, it would be to say, that the policy of the superior and controlling authority might be counteracted or defeated, by the inferior authority, derived only from it, and liable to be modified and controll-at its pleasure. This would be very different from amere forbearance to tax, on the part of the Legislature. When the State receives a bonus for the grant of a bank charter, and stipulates not to tax, it is admitted that the bank is exempted from city taxation. And yet it does not stipulate, in terms, that the City Council shall not tax. And it makes no difference that, in one case, there is a contract binding on the State itself, and in the other, a law repealable at pleasure. The law, so long as the Legislature thinks proper to allow it to remain of force, is as obligatory on all inferior authorities, as the contract can be on the State.
And does not the clause of the act of 1815, in question, mean precisely what I have above suggested'? I have not heard even an attempt to suggest a different meaning. As to the motive recited for the exemption, it cannot be doubted that the object of the enactment was, to favor purposes of piety and benevolence. I think no one reads the clause who does not know that its object was, by a permanent law, to exempt the property of religious societies from its own taxation; and accordingly, though, by all subsequent acts, taxes are imposed on all lands, lots, (fee., without any ex *146 emption or qualification, no taxes have ever been enforced upon any property of such societies — and if thus exempted from its own taxation, it must be equally so from that of the city.
■ With respect to the argument, that, as the lessees of the glebe lands have covenanted to pay all taxes, the tax is in fact imposed upon them, it is to be observed, that the tax is imposed, not on the buildings — which there seems no reason to doubt are liable to taxation, according to the terms of the Act of the Legislature — but, in terms, upon the lands, of which the title is in the complainants, and which we must certainly regard as their property. The tax, too, is demanded of the religious society — the church corporation —and certainly it is not a reason for enforcing a tax against a person, not liable to pay it, that another has covenanted, in the event of its being enforced, to indemnify him against it. You have no right to drive the party to his remedy, on the covenant. The decree is, therefore, affirmed.
WM. HARPER..
Gantt, Evans, and Butler, Justices, and Dunkin, Ch., concurred.
Richardson, J., having an interest in the cause, gave no opinion.